LEMMON, Judge.
In this automobile accident case plaintiff has appealed from a judgment dismissing her suit on the basis of answers to jury interrogatories which found her to be con-tributorily negligent. The issue on appeal is whether her conduct, as established by the evidence in the record most favorable to the prevailing party, constituted contributory negligence.
An understanding of the physical makeup of the roadway at the point of the accident is essential to the determination of the negligence issue. North Claiborne Avenue in the vicinity of St. Bernard Avenue, ran east-west, while St. Bernard ran north-south. Although the intersection of the two avenues was controlled by traffic lights, a southbound motorist on St. Ber *262 nard, who intended to turn right at Claiborne, could avoid the traffic light by utilizing a turning lane provided for right turning motorists before the intersection. Traffic entering Claiborne from the turning lane was controlled by a yield sign, and a triangular traffic island separated the turning lane from the normal southbound lanes of St. Bernard at the intersection.
This relatively simple and common traffic pattern was complicated somewhat by the alignment of Lapeyrouse Street, which was close to and roughly parallel to St. Bernard in the area, in that Lapeyrouse intersected the St. Bernard turning lane shortly before that lane intersected Claiborne. A stop sign controlled southbound traffic on La-peyrouse at its intersection with the turning lane, so that a southbound motorist on Lapeyrouse was required first to stop for a stop sign at the turning lane and then, after proceeding a short distance in the turning lane, to yield to westbound traffic on Claiborne. Thus, the scene of the accident, as described in an exhibit and in testimony, was comprised as shown below:

Prior to the collision defendant had been traveling south on St. Bernard and had entered the turning lane for the purpose of proceeding west on Claiborne. He testified: When he stopped at the yield sign, he was the only car there, and there was little room (3 to 3V2 feet) to his right between his car and the curbing. While looking to his left, he waited for five or six seconds in a stopped position for traffic on Claiborne to clear, and then without turning his head forward or to the right he proceeded forward, intending to move onto Claiborne. As he began to move forward, he heard metal tearing before he took his foot completely off the brake and before he realized there was a car to his right. The right headlight and fender of his car struck the rear section of the left front fender of plaintiff’s car.
Plaintiff testified: She had traveled south on Lapeyrouse Street, and after stopping for the stop sign she entered the St. Bernard turning lane and pulled up “directly even” with the yield sign, behind two cars which were in front of the sign, one behind the other. Defendant’s car was not there at the time. She had remained in the stopped position for five to ten seconds when defendant suddenly ran into her car. At the time of impact one of the two cars in front of her had moved out of the turning lane onto Claiborne and the second was in the process of leaving. The impact caused her vehicle to move forward two or three feet. Her car sustained damage in the amount of $183.00, and the damage to defendant’s car was “minor”.
The jury, answering special interrogatories, found that both parties were negligent. In view of these findings it must be assumed that the jury rejected plaintiff’s version of the occurrence and accepted defendant’s version, at least to the extent that he was at the yield sign prior to plaintiff’s arrival there.
Conceding this point, plaintiff argues that defendant admitted his own negligence in moving from a stopped position without looking forward or to his right and that this negligence was the sole cause of the accident.
Even if defendant’s admitted conduct fell below the standard of reasonable care, the decision in this case turns on a determination of the reasonableness of plaintiff’s conduct under the circumstances.
The purpose of the turning lane off St. Bernard was to permit traffic to flow into Claiborne without waiting for a green traffic signal at the corner. Although the turning lane at the point of entry into Claiborne was wide enough for two cars, it was not lined for two lanes of traffic, and there was no evidence that two lanes were authorized or expected to enter Claiborne simultaneously. It was therefore reasonable to *263 expect that a motorist at the yield sign in the turning lane would enter the nearest lane of Claiborne traffic.
Accordingly, under the apparently accepted fact that defendant reached the point of-collision first and was alone when he stopped at the yield sign, this is not simply a case of a motorist making a right turn from the left lane, as plaintiff characterizes defendant’s conduct. The determinative issue is the reasonableness of plaintiff’s conduct in pulling alongside and slightly to the front of defendant while he was looking to the left and was waiting for traffic on Claiborne to clear. Under the overall circumstances of this case plaintiff should reasonably have anticipated that defendant, as the lead motorist in the turning lane, would turn at any moment into the nearest lane on Claiborne traffic. Nevertheless, she placed herself directly in that reasonably anticipated path without allowing room for the obviously expected maneuver, apparently for the purpose of squeezing out into Claiborne ahead of defendant. This constituted unreasonable conduct, which although perhaps not the sole cause of the accident was at least a concurrent cause, which bars plaintiff’s recovery.

AFFIRMED.